```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                   Case No.: 8:23-cr-47-VMC-JSS

MICHELLE DENISE HERDS

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Michelle Denise Herds's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 79), filed on December 16, 2024. The United States of America responded on February 9, 2025. (Doc. # 81). For the reasons set forth below, the Motion is denied.

**I.   Background**

On November 22, 2023, the Court sentenced Ms. Herds to 70 months' imprisonment and 5 years' supervised release for possession with intent to distribute a mixture and substance containing fentanyl and possession of a firearm in furtherance of a drug trafficking crime. (Doc. # 77). Ms. Herds is 46 years old.[1] Because of President Joseph R. Biden

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

Jr.'s Executive Grant of Clemency to Ms. Herds, her release date will be July 16, 2025. (Doc. # 82).

Now, Ms. Herds seeks compassionate release from prison under Section 3582(c)(1)(A). (Doc. # 79). She argues that compassionate release is appropriate because her daughter "suffers from mental illness and [is too] mentally unstable to care for [Ms. Herds's] grandchildren." (Id. at 5). In an attached letter, she discusses her grandchildren's situation and also briefly notes her rehabilitation efforts. (Doc. # 79-1). The United States has responded (Doc. # 81), and the Motion is now ripe for review.

## II. Discussion

The United States argues that the Motion should be denied because Ms. Herds has not established an extraordinary and compelling reason for compassionate release. (Id.).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering

2

the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024); see also U.S.S.G. 1B1.13(b)(3) (outlining the family circumstances that qualify as extraordinary and compelling, including the requirement that the defendant "be the only available caregiver for such family member").

In her Motion, Ms. Herds states that she is relying on the "other reasons" category of extraordinary and compelling circumstances, but her desire to care for one of her minor

grandchildren also arguably falls within the "family circumstances" category. (Doc. # 79 at 4-5). According to Ms. Herds, her adult daughter is mentally ill and needs Ms. Herds's assistance to raise Ms. Herds's grandchildren. (Id. at 5). Additionally, Ms. Herds emphasizes that she has obtained her GED and has attended programing in prison. (Doc. # 79-1 at 14).

The Court is not convinced that Ms. Herds's family situation or rehabilitation efforts constitute an extraordinary and compelling reason for early release. Despite her claim that she is needed to care for her "grandchildren," Ms. Herds admits that two of her three grandchildren "are in the care of their paternal grandfather." (Doc. # 79-1 at 13). Only her youngest grandchild is still in the care of Ms. Herds's daughter, who is an adult and has not had custody of the child taken away from her. Ms. Herds's unsupported assertions that her daughter is providing insufficient care for the grandchild is insufficient. Additionally, Ms. Herds fails to explain why other family members, such as the grandfather caring for the other two grandchildren or one of Ms. Herds's other adult children, are unable to care for the youngest grandchild if the mother is unable to do so. Thus, her family circumstances

are not so severe that early release is warranted. See United States v. Zambrano, No. 8:18-cr-56-VMC-CPT, 2024 WL 3690854, at *2 (M.D. Fla. Aug. 7, 2024) ("Because his wife is actively caring for the children and grandchildren and Zambrano has additional adult children, Zambrano is not the only available caregiver for his children and grandchildren.").

Furthermore, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Thus, while Ms. Herds's efforts to better herself are laudable, her rehabilitation is not an extraordinary and compelling reason for compassionate release. Because Ms. Herds has not established an extraordinary and compelling reason for release, the Motion is denied.

Even if she had established an extraordinary and compelling reason for release, compassionate release still would not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public and reflects the seriousness of the crime.

5

Here, the Section 3553(a) factors weigh against release. Ms. Herds's crime was a serious one, involving the possession with intent to distribute the highly-dangerous drug fentanyl and possession of an AR-style rifle loaded with 25 rounds of ammunition. (Doc. # 81 at 1). Ms. Herds must serve the remainder of her already-commuted sentence to protect the public and promote respect for the law.

Additionally, because the Court was readily able to resolve this Motion and Ms. Herds has not established good cause for the appointment of counsel, Ms. Herds's request for appointment of counsel is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Michelle Denise Herds's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 79) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of February, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE